**James A. JANUZIK, Plaintiff and Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY AND BOARD OF REVIEW OF THE INDUSTRIAL COMMISSION OF UTAH, Defendant and Respondent.**

**No. 14779.**

Supreme Court of Utah.

Sept. 21, 1977.

Lucy Billings of Utah Legal Services, Inc., Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Floyd G. Astin and K. Allen Zabel, Sp. Asst. Atty. Gen., of Utah Dept. of Employment Security, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff appeals from a decision of the Board of Review, Industrial Commission of Utah, affirming a decision of the appeals referee and denying plaintiff unemployment compensation benefits for a period of three weeks pursuant to the provisions of Utah Code Annotated, 1953, Section 35–4–5(b)(1), on the ground that plaintiff had been discharged from his last employment for misconduct.

Plaintiff was employed by the University of Utah as a janitor on the night shift, and was discharged for excessive absenteeism. The appeals referee found that plaintiff was absent from work on April 27, 1976, without properly notifying his employer; that on April 28, 1976, he called his employer informing it that he would be absent that day, and requesting the next day off to take care of personal business; that the employer gave plaintiff written notice on May 2, 1976, that if absence continued he would be discharged, noting that he had been absent many times during the past year, and had failed to inform the employer of his intended absence on several occasions; that thereafter, on May 5, 1976, plaintiff called his employer at 11:00 p. m., when he was already late for his shift, to report that he had had car trouble and would be an hour late, but instead failed to report to work at all that night. Where, as here, the facts as found are supported by the evidence they are conclusive upon this Court,[1] and the decision of the Board of Review will be affirmed unless the record clearly shows that the action of the Board was arbitrary, capricious and unreasonable, and that only the opposite conclusion could be drawn from the facts.[2]

The critical issue here is whether, as a matter of law, the excessive absenteeism of this plaintiff constituted misconduct under the statute.

We have recently set forth in *Continental Oil Company v. Board of Review*[3] the standard which the Industrial Commission must follow in making a finding of misconduct on the part of the employee which would render him ineligible for benefits under the statute. In that case we held that the conduct of the employee, inter alia, must be deliberate, wilful, or wanton.

In this matter, the referee set forth in his decision much the same definition of misconduct we promulgated in *Continental*:

Misconduct is generally conceived to mean an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, or a disregard of standards of behavior which the employer has a right to expect of his employees. . . .

After considering plaintiff's conduct in this light, the referee concluded:

1. Utah Code Annotated, 1953, Section 35–4–10(i).

2. *Kennecott Copper Corp. Employees v. Department of Employment Security*, 13 Utah 2d 262, 372 P.2d 987 (1962); *Denby v. Board of Review of the Industrial Commission of Utah*, Utah, 567 P.2d 626 (1977).

3. 568 P.2d 727 (1977).

Having been cautioned on May 2, 1976, with respect to this matter, the claimant knew that failure to report for work May 5, 1976 would result in his discharge, and it is considered that the claimant's action demonstrated a disregard for the best interest of the employer as to constitute misconduct connected with his work.

It has frequently been held in other jurisdictions that excessive absenteeism without good cause, constitutes wilful misconduct, particularly where the employee fails to report to his employer, or continues to be absent or tardy after warnings by the employer.[4]

The action of the Board was not arbitrary, capricious or unreasonable, is substantially supported by the evidence, and is therefore affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

4. *Curran v. Unemployment Compensation Board of Review,* 181 Pa.Super. 578, 124 A.2d 404; *Watkins v. Unemployment Security Administration,* 266 Md. 223, 292 A.2d 653, 58 A.L.R.3d 668, and the many cases cited therein.