**CITY OF OREM, a municipal corporation and political subdivision of the State of Utah, Plaintiff,**

v.

**Kyle CHRISTENSEN and Department of Employment Security, Defendants.**

No. 19476.

Supreme Court of Utah.

May 1, 1984.

Bryce McEuen, Orem, for plaintiff.

Floyd G. Astin, Ind. Comm., K. Allen Zabel, Emp. Sec., H. Delbert Welker, Salt Lake City, for defendants.

DURHAM, Justice.

The City of Orem appeals a decision of the Board of Review of the Utah State Industrial Commission granting unemployment benefits to claimant Kyle Christensen. In doing so, the Board reversed the decision of a Department of Employment Security appeal referee which denied benefits to Christensen, after a hearing, on the ground that he was discharged for an act or omission in connection with his employment that was deliberate, willful or wanton and adverse to his employer's rightful interest. U.C.A., 1953, § 35–4–5(b)(1). We affirm the decision of the Board of Review.

The Board in its decision stated as follows:

> After careful consideration of the Record and testimony in the above-entitled matter, the Board of Review hereby reverses the decision of the Appeal Referee which denied benefits to the claimant effective May 15, 1983 and continuing pursuant to Section 35–4–5(b)(1) of the Utah Employment Security Act, on the grounds that claimant was discharged from his employment for disqualifying conduct.
>
> In reversing the decision of the Appeal Referee, the Board of Review notes that even though the claimant's actions were volitional and their consequences were foreseeable, the evidence is inadequate to show that the claimant's actions were sufficiently culpable to invoke the disqualifying provisions of Section 35–4–5[ (b)(1) ] of the Utah Employment Security Act.

■ Our review of the Board's decision in this case falls under the "intermediate" standard of review, under which its decision must fall within the limits of "reasonableness or rationality." *Utah Department of Administrative Services v. Public Service Commission,* Utah, 658 P.2d 601, 610 (1983). We will affirm the Board's decision unless, as a matter of law, the determination was wrong because only the opposite conclusion could be drawn from the facts. *Continental Oil Company v. Board of Review of Industrial Commission,* Utah, 568 P.2d 727, 729–30 (1977).

■ A review of the record and testimony at the hearing before the appeal referee indicates that from October, 1979, until July, 1982, Christensen's performance in the Waste Water Department of the City of Orem was satisfactory. His job in the Collections Department involved doing regular checks of the City's sewer lines by pulling manhole covers, looking for material that might block a sewer line and cleaning it out if necessary. Occasionally, special tasks would be assigned, such as responding to emergency sewer back-up calls or running TV cable through sewer lines.

In July, 1982, Christensen applied for a supervisor's position, but another employee, Don Pueblo, was selected. Christensen and Pueblo, from July, 1982, until Christensen's dismissal in May, 1983, apparently experienced a serious and disruptive "personality conflict." They had many disagreements about Christensen's performance and Pueblo's expectations. On April 26, 1983, Christensen received notice of suspension and dismissal due to the fact that he had lost his driving privileges, a necessary qualification for his position. He had pled guilty to driving under the influence (the incident was not work-connected). Although the court permitted Christensen to have a restricted license for his work, Pueblo, at the direction of his superiors, refused to complete a request for a temporary permit.

The City subsequently modified its position, and on April 27 notified Christensen that he would be put on probation for six months instead of discharged. The City also agreed to cooperate in helping him obtain a temporary permit. His probation

was based on his "performance" and "safety habits." Christensen protested this disciplinary action and requested a hearing before an independent review board. He was denied a hearing based on the board members' review of his personnel file.

On May 13, 1983, Christensen was notified of his suspension and dismissal effective May 18, 1983. The notice listed several instances of unexcused absences, tardiness and his conducting personal business on company time. He was informed that to protest his discharge he must request a meeting with the Department head before May 18. In a letter dated May 17 delivered to the Personnel Department, Christensen questioned the allegations leading to his dismissal, denying some and explaining others. In closing he stated: "I hope you can be of some help to me and my job."

On Friday, May 20, Christensen was contacted by the assistant to the city manager and, on learning that Christensen was not fully aware of the need to request a meeting in order not to waive his rights, the assistant gave him until the end of that workday to make such a request. When Christensen did not contact the Department head, he lost his right to appeal the dismissal.

This is not a case such as *Clearfield City v. Department of Employment Security,* Utah, 663 P.2d 440 (1983), wherein the facts were undisputed and the claimant admitted that his employer had cause to discharge him. Christensen testified at his hearing that he had been singled out for discipline, that his supervisor's close attention to his work amounted to harassment and that much of the misconduct recorded by his supervisor was explainable or inaccurate. He testified that his supervisor often evaluated him against standards that were beyond those required for the job, requiring him, for example, to arrive at work ten minutes before starting time, to eat lunch near a work area, and to wear his hook on his artificial arm.

Pueblo did not testify at the hearing, but his record of the claimant's misconduct provided the basis for all disciplinary action against the claimant. Pueblo's superior, Keith Scott, testified that the entire Collections Department crew was slow in "coming around" to new work rules and stricter enforcement of existing ones. Scott also verified that the relationship between the claimant and his supervisor was highly charged and argumentative. At one point, it had been necessary for Scott to tell Pueblo to "back off" because he was coming down too hard on Christensen.

In *Clearfield,* we determined that in order to preclude benefits, the claimant's acts must not only be deliberate and willful but must also be "sufficiently serious to meet the statutory degree of culpability." *Id.* at 445. In that case we found the degree of culpability in the fact that "[t]he nature of the acts of misconduct ... was such as to have a serious effect on claimant's employment and the employer's interests." *Id.* We cautioned that the conduct must be judged in the particular employment context. *Id.* at 444–45.

Under the circumstances, we conclude that the Board's decision that claimant's conduct was not sufficiently culpable to deny him benefits falls within the limits of reasonableness or rationality.

■ The City of Orem argues that an amendment to U.C.A., 1953, § 35–4–5(b)(1), which provides that an individual is ineligible for benefits if he was discharged "for just cause," applies in the present case. The amendment did not become effective until June 29, 1983. 1983 Utah Laws (1st S.S.), ch. 20, § 3. Christensen's discharge was effective May 18, 1983. Therefore, the amendment does not apply.

We affirm the Board's order. Costs to respondent.

OAKS, J., and TIMOTHY R. HANSON, District Judge, concur.

STEWART, J., does not participate herein.

TIMOTHY R. HANSON, District Judge, sat.

HOWE, Justice, dissenting.

I dissent. The Board of Review did not question the findings of fact made by the appeal referee and agreed that Christensen's acts were volitional and that their consequences were foreseeable. However, the Board then concluded that the "evidence was inadequate to show that the claimant's actions were sufficiently culpable" to disqualify him for benefits. I do not believe that Christensen's conduct as found by the appeal referee can be reasonable viewed as being other than "deliberate, willful or wanton and adverse to the employer's rightful interest." U.C.A., 1953, § 35–4–5(b)(1).

The appeal referee found the following facts: Christensen was insubordinate in that Pueblo would ask that things be done his way, but Christensen would disagree and want them done his way. Claimant received several disciplinary warnings concerning his attitude and work that culminated in his being put on probation on May 3, 1983. He was asked to reduce bickering, be on time for work, observe time limits for lunch and breaks and follow the rules and regulations.

Christensen responded as follows: On May 9, he transacted personal business during working hours with Big O Tire Center; on May 10 and 11, he took excessive time for lunch; on May 11, he picked up a mechanic during working hours in a City vehicle and drove him to the City shops where the mechanic picked up Christensen's private vehicle to drive it to his garage for repairs. On that same day he also left his assigned work area without permission. On May 12, he called in sick and was placed on paid sick leave by the City, but later in the day he was seen at the garage where his private vehicle was being repaired.

I do not believe that Christensen's actions can be viewed other than "deliberate, willful and wanton" under these circumstances. They certainly cannot be termed merely negligent or careless. He had been repeatedly warned and placed on probation.

The Board of Review erred in concluding that they were not "sufficiently culpable."

HALL, C.J., concurs in the dissenting opinion of HOWE, J.