**Gayle L. MARTIN, an individual, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

**No. 19363.**

Supreme Court of Utah.

May 23, 1984.

Franklin L. Slaugh, Sandy, for plaintiff.

Floyd G. Astin, K. Allan Zabel, Salt Lake City, for defendant.

HOWE, Justice:

The plaintiff Gayle L. Martin filed a claim for unemployment compensation after she was discharged by her employer. The defendant Department of Employment Security initially granted her claim, but on

appeal by the employer to the appeal referee, benefits were denied her under U.C.A., 1953, § 35–4–5(b)(1), which mandates disqualification for compensation:

> For the week in which the claimant was discharged for an act or omission in connection with employment not constituting a crime, which is deliberate, willful, or wanton and adverse to the employer's rightful interest.

Plaintiff then appealed to the Board of Review of the Industrial Commission of Utah, which affirmed the denial of benefits to her in a split decision.

The plaintiff was employed by National Semiconductor Corporation as a line specialist. It was her responsibility to check the work of other personnel to make certain that it had been done correctly so that the product would not be misprocessed and eventually have to be reworked or scrapped. She received verbal warnings on September 29, 1982 and on February 14, 1983 that she had allowed defective work to slip by her. A written warning was given her on February 24, 1983 for a similar occurrence. Each time, the plaintiff's omission resulted in a misprocessing and in a loss to her employer. Finally, on March 21, 1983, another misprocess occurred, and the plaintiff was suspended and then terminated the next day.

The sole question before us is whether the plaintiff's discharge was for an act or omission which was "deliberate, willful or wanton." There is no question but that her act or omission was adverse to her employer's rightful interest, a question raised in our recent decision in *Clearfield City v. Department of Employment Security*, Utah, 663 P.2d 440 (1983). At issue there were acts of sodomy by a police officer which occurred away from the employer's premises and when the officer was not on duty, acts he subsequently falsely denied. We held that conduct to be in connection with his employment and adverse to his employer's interest. We further held that such acts were both deliberate and willful "in the sense that they were volitional acts by an employee who could

not have been heedless of their consequences." Accord *Trotta v. Department of Employment Security*, Utah, 664 P.2d 1195 (1983). *Clearfield* was our first occasion to construe § 35–4–5(b)(1) since its amendment in 1979 to provide that the disqualifying conduct had to be "deliberate, willful or wanton ...."

In the instant case the appeal referee found:

> The claimant had good production output as a specialist. She had received several commendations for this. She had the ability to perform her job. Her main difficulty was in rushing at the end of a shift to be set up for the next shift .... She demonstrated no effort to improve her record despite warnings.

From those facts the referee concluded that the claimant's failure to satisfactorily perform her task "could only be attributed to carelessness. Such carelessness after repeated warnings evidences a lack of concern for the possible adverse effect on the employer sufficient to find that her acts were deliberate."

We do not agree with the referee's conclusions. We concede that repeated negligence or carelessness by an employee who is totally indifferent or hostile to his employer's interest might rise to the level of "deliberate, willful or wanton" conduct. Examples are contained in the cases relied upon by the Board of Review which are discussed below. However, the evidence in the instant case will support no such conclusion. The only evidence as to why the claimant did not improve her performance after being repeatedly warned was her own explanation that she was hurrying to prepare for the next shift. She testified that if proper preparations were not made, the foreman on the following shift would complain to her supervisor. Thus, toward the end of her shift the claimant was caught between the pressures of doing her immediate task well and at the same time preparing for the next shift. While her conduct may properly be termed carelessness and perhaps resulted from poor judgment, as a matter of law it does not evidence a

lack of concern for the interest of her employer sufficient to be termed "deliberate, willful, or wanton." There was no question here but that the claimant's attitude toward her employer and her job was good. She had received awards for her performance. She valued her job highly and sorely needed it for her support and the support of her family. She was cooperative and subordinate but made repeated mistakes when pressure came toward the end of her shift. Other employees had been fired for the same reason. Thus there was no evidence that her carelessness was deliberate, willful or wanton.

The Board of Review relies upon *Rieder v. Commonwealth, Unemployment Compensation Board of Review*, 15 Pa. Commw. 211, 325 A.2d 347 (1974). There the claimant had worked two years inspecting trousers for defects. On a number of occasions she passed trousers with obvious defects. She had been warned that she would have to be more attentive and had been discharged once, but that discharge was converted to a warning by a superior who had been importuned by the claimant to give her another chance. The court sustained the department and the board of review in their conclusion that the claimant was guilty of "willful misconduct." That conclusion, however, was based upon the fact that the claimant could not explain her continued oversight and her supervisor testified that "I don't think she cared." It is because of this last mentioned factor that the instant case is distinguishable from that case. Similarly, in *Cullison v. Commonwealth, Unemployment Compensation Board of Review*, 66 Pa.Commw. 416, 444 A.2d 1330 (1982), despite repeated warnings, the claimant did not try to improve his working behavior. The court up-held the board's conclusion that the claimant's conduct evidenced a conscious indifference to his employer's interest and his employment duties, and that was enough to support a finding of "willful misconduct."

In the instant case the appeal referee found that the claimant "demonstrated no effort to improve her record despite warnings." As previously stated, there is no evidence to support this finding. Even her employer did not claim that she did not try to improve. See the annotation on Work Connected Inefficiency or Negligence as "Misconduct" Barring Unemployment Compensation at 26 A.L.R.3d 1356; *Wheeler v. Arriola*, Miss., 408 So.2d 1381 (1982). The carelessness and negligence of the claimant here provided justification for her discharge by her employer. However, the carelessness and negligence, even though they recurred, did not rise to the level of wrongful intent or evil design, or show an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to her employer.

The decision of the Board of Review is reversed and the case is remanded to the Board to enter an order removing the plaintiff's disqualification for unemployment compensation.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

OAKS, J., having resigned, does not participate herein.