**BOARD OF EDUCATION OF SEVIER COUNTY SCHOOL DISTRICT, Plaintiff,**

v.

**The BOARD OF REVIEW OF the DEPARTMENT OF EMPLOYMENT SECURITY, Industrial Commission of Utah and Ruth Ann Garn, Defendants.**

**No. 19760.**

Supreme Court of Utah.

June 3, 1985.

David L. Wilkinson, Atty. Gen., Salt Lake City, Ken Chamberlain, Richfield, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendants.

DURHAM, Justice:

The plaintiff and appellant in this case, the Board of Education of Sevier County School District ("School District"), seeks judicial review of a decision of the Board of Review of the Industrial Commission ("Board of Review"), which allowed unemployment compensation benefits to be awarded to the claimant, Ruth Ann Garn. The Board of Review, in a two-to-one decision, affirmed the decision of the administrative law judge and determined that Ms. Garn had been discharged for conduct which was not disqualifying under U.C.A., 1953, § 35–4–5(b)(1).[1] We affirm the decision of the Board of Review.

Ms. Garn was employed by the School District as a teacher for three years starting in the fall of 1980. She was formally notified of the decision not to renew her contract for the following school year on February 1, 1983. The School District alleged that Ms. Garn was discharged because of numerous instances of improper conduct and substandard performance including (1) an absentee problem; (2) arriving early for lunch; (3) leaving the locker room door unlocked after contrary instructions; (4) failing to attend faculty meetings; (5) not preparing lesson plans; (6) failing to leave lesson plans for substitute

---

**1.** Section 35–4–5(b)(1) as in effect at the time claimant filed for benefits provided:

An individual is ineligible for benefits or for purposes of establishing a waiting period:

. . . .

(b)(1) For the week in which the claimant was discharged for an act or omission in connection with employment, not constituting a crime, which is deliberate, willful, or wanton and adverse to the employer's rightful interest, if so found by the commission, and thereafter until the claimant has earned an amount equal to at least six times the claimant's weekly benefit amount in bona fide covered employment.

U.C.A., 1953, § 35–4–5(b)(1) (Supp.1982) (amended 1983, 1984, 1985). This section, however, was subsequently amended to include "just cause" as an additional disqualifying reason for discharge. *See* note 2.

teachers; (7) leaving school premises without notifying anyone of her absence; (8) inappropriate dress; (9) leaving students to observe the swimming class in her absence; (10) having too many nonparticipating students in her class; (11) complaints from parents; and (12) inability to coach basketball without assistance.

Following the notification of the nonrenewal, however, Ms. Garn continued to teach until the end of the school year, at which time she applied for unemployment compensation benefits. Her application was originally denied by the Department of Employment Security on the ground that she was discharged for "an act or omission in connection with employment which is deliberate, willful, or wanton and adverse to the employer's rightful interest." Ms. Garn appealed that decision and, following a hearing before an administrative law judge, the administrative law judge allowed benefits based on a determination that the evidence presented did not support the conclusion that Ms. Garn was discharged for just cause or deliberate, willful, or wanton conduct adverse to her employer's interest.[2]

The facts as found by the administrative law judge in this case are as follows: On September 14, 1981, in her second year of teaching at the school, Ms. Garn was reprimanded for having left the school premises without notifying anyone. She was told at that time that similar conduct would be grounds for termination. Despite allegations to the contrary, the administrative law judge found no evidence to support a finding that Ms. Garn repeated that violation.

Later in that academic year, the school administration became concerned with Ms. Garn's performance and for that reason observed her classes. The administrative

law judge found that Ms. Garn received an acceptable review at that time, but was advised of areas needing improvement. Some of the concerns expressed by the administration had to do with the fact that Ms. Garn was preparing a team for competition during the observation period and thus she did not have the entire class involved in the activity. Another issue raised by the administration had to do with Ms. Garn's organization and planning. The School District alleged that Ms. Garn did not prepare and follow lesson plans, but the School District conceded that they had not specifically asked her to produce her lesson plans. In the spring of 1982, Ms. Garn's classes were again evaluated, this time by an intern who was acting as principal. Ms. Garn testified that she had received a positive evaluation at that time.

In the fall of 1982, Ms. Garn was observed arriving late to class. During that same time, a letter was sent to Ms. Garn outlining her deficiencies. Further, a conference was held to discuss what the administration considered to be problems with Ms. Garn's performance. Ms. Garn was advised that the school had received complaints from parents regarding her teaching and coaching. Following the conference, Ms. Garn made an effort to contact and meet with parents of her students.

In December of 1982, the principal met with Ms. Garn and informed her that her contract would not be renewed. Apparently, the primary reason given for that decision was that the school needed a teacher who could teach academics as well as physical education. The lack of lesson plans, classes starting late and ending early, and other problems were also cited as reasons for the nonrenewal.

The administrative law judge further found that there was either no evidence or

**2.** Section 35–4–5(b)(1) was amended in 1983 to provide that a claimant is ineligible for benefits where "the claimant was discharged for just cause or for an act or omission in connection with employment ... which is deliberate, willful, or wanton and adverse to the employer's rightful interest...." Employment Security Act, 1983 Utah Laws, 1st Special Session, ch. 20,

§ 3. The amendment became effective on June 29, 1983. *Id.* § 8. As the claimant filed for benefits on June 21, 1983, prior to the effective date, the amendment does not apply. *See City of Orem v. Christensen,* Utah, 682 P.2d 292, 294 (1984). Although the administrative law judge incorrectly applied the amended statute in this case, that error does not affect our decision.

conflicting evidence as to the remainder of the School District's allegations. The administrative law judge concluded that the reasons for Ms. Garn's discharge did not disqualify her from receiving unemployment compensation benefits.

The School District raises two primary issues in this appeal: first, that there is no evidence to support the determination of the administrative law judge and, second, that the administrative law judge erroneously excluded evidence of additional misconduct which occurred after February 1, 1983. We will address the latter issue first.

■ This case involves the application of U.C.A., 1953, § 35–4–5(b)(1) (Supp.1982), which provided that a person is ineligible for benefits if discharged for conduct which is "deliberate, willful, or wanton and adverse to the employer's rightful interest...." The critical question is therefore whether the employee was discharged for conduct which disqualifies her for benefits. *See Martin v. Department of Employment Security,* Utah, 682 P.2d 304, 305 (1984). The determination of that question is thus necessarily limited to a consideration of the reasons for her discharge. The School District argues that the evidence of Ms. Garn's conduct occurring after February 1, 1983, should have been considered because it demonstrated a consistent pattern of disregard for the policies and practices of the School District and because on February 1, 1983, Ms. Garn was not actually terminated, but merely received a notice of the School District's intent not to renew her contract. The School District further asserts that the notice of intent was not final, as it was subject to a hearing and review process in the event such process was requested by the employee. The administrative law judge specifically found, however, that the decision not to renew Ms. Garn's contract had been made prior to February 1, 1983, and that the February 1 letter was formal notification of that decision. The record clearly supports that finding. When asked whether on February 1 it was an established decision that the claim-

ant would not be rehired for the following year, the principal replied, "Yes." In addition, when asked if it was the events that occurred prior to February 1, 1983, that resulted in Ms. Garn's not returning the following year the principal similarly replied, "Yes." Thus, the conduct occurring after February 1, 1983, was not the basis for the discharge, and evidence relating to that conduct was properly excluded. *See Trotta v. Department of Employment Security,* Utah, 664 P.2d 1195, 1198 (1983); *Continental Oil Co. v. Board of Review of the Industrial Commission,* Utah, 568 P.2d 727, 729 (1977).

We turn now to the heart of the School District's challenge to the findings and conclusions of the administrative law judge. The School District challenges the accuracy of the factual findings made by the administrative law judge, as well as the conclusions she drew from those facts. As the Board of Review expressly adopted both, we are bound by well-established standards in reviewing the decision of that body. This Court will uphold the factual findings if supported by " 'evidence of any substance whatever....' " *Utah Department of Administrative Services v. Public Service Commission,* Utah, 658 P.2d 601, 609 (1983) (quoting *Kennecott Copper Corp. Employees v. Department of Employment Security,* 13 Utah 2d 262, 264–65, 372 P.2d 987, 989 (1962), affirmed in *Taylor v. Department of Employment Security,* Utah, 647 P.2d 1 (1982)); U.C.A., 1953, § 35–4–10(i) (Supp.1983). Our review of the record indicates that the findings are amply supported by the evidence.

■ On the basis of the facts of this case, the administrative law judge and the Board of Review concluded that the conduct for which Ms. Garn was discharged did not rise to the level of deliberate, willful, or wanton conduct. In reviewing the conclusion of the Board of Review, we apply an intermediate standard of review which requires that the decision under consideration be reasonable or rational. *City of Orem v. Christensen,* Utah, 682 P.2d 292, 293 (1983). "We will affirm the

Board's decision unless, as a matter of law, the determination was wrong because only the opposite conclusion could be drawn from the facts." *Id.* at 293; *see also Continental Oil Co. v. Board of Review of the Industrial Commission,* Utah, 568 P.2d 727, 729–30 (1977).

■ As we have previously stated, "[N]ot every cause for discharge provides a basis to deny eligibility for unemployment compensation." *Clearfield City v. Department of Employment Security,* Utah, 663 P.2d 440, 441 (1983). Such is the situation presented here. Although in *Clearfield* we found a sufficient basis on which to deny eligibility, we did so because the conduct of the claimant in that case "was such as to have a serious effect on the claimant's employment and the employer's interests. [The conduct] ... disabled the employee from continued effectiveness ... [,] discredited his employers, ... and seriously impaired the same interests the [claimant] was employed to further." *Id.* at 445. Clearly the conduct in this case does not rise to that level. Further, in *Martin v. Department of Employment Security,* Utah, 682 P.2d 304, 306 (1984), where we found an assembly line quality control worker eligible for benefits despite an adverse ruling by the Board of Review, we stated:

> The carelessness and negligence of the claimant here provided justification for her discharge by her employer. However, the carelessness and negligence, even though they recurred, did not rise to the level of wrongful intent or evil design, or show an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to her employer.

Similarly, in this case the general performance of the claimant, Ms. Garn, was not satisfactory to her employer, and the discharge was justified on that basis. However, as the Board of Review noted in its decision, the disqualification under U.C.A., 1953, § 35–4–5(b)(1), " 'does not apply where the evidence shows the discharge was due to inefficiency, unsatisfactory con-

duct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion.' " (Quoting General Rules of Adjudication, Discharge, Rule 5.) *See Continental Oil v. Board of Review of the Industrial Commission,* Utah, 568 P.2d 727, 730 (1977). Further, the findings indicate that the more serious allegations, such as leaving classes unattended and not properly discharging her duties as a teacher, were not sufficiently substantiated to warrant a conclusion that the claimant's conduct was deliberate, willful, or wanton and adverse to her employer's interest. Under these circumstances, the decision of the Board of Review must be affirmed.

■ One final point requires our comment. In its brief, the School District argues, "If the Administrative Law Judge is sustained, it would be literally impossible to dismiss a school teacher on the grounds of universal irresponsibility." We find this argument to be without merit. As we have noted above, conduct may be sufficient justification for dismissal, without rising to a level which will disqualify the employee from receiving unemployment compensation benefits. Further, in this case the School District made some serious allegations regarding the conduct of the claimant, Ms. Garn. Had the evidence substantiated those allegations, a different result might have been reached. Based on the evidence which was presented in this case, however, the Board of Review correctly ruled that the claimant is entitled to receive benefits under U.C.A., 1953, § 35–4–5(b)(1) (Supp.1982).

Affirmed.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.