**WRIGHT'S FURNITURE MILL, INC., Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, and Tomie D. Molyneux, Defendants.**

**No. 20569.**

Supreme Court of Utah.

Sept. 25, 1985.

Donald E. Elkins, Provo, for appellant.

Allan K. Zabel, Asst. Atty. Gen., Salt Lake City, for respondent.

PER CURIAM:

Wright's Furniture Mill, Inc., petitioner and employer of Tomie Molyneux, seeks judicial review of a Board of Review decision affirming the decision of the administrative law judge that the Department of Employment Security had properly awarded Molyneux unemployment compensation benefits. Petitioner claims that Molyneux's actions constituted sufficient cause for discharge under section 35–4–5(b)(1) of the Utah Employment Security Act and that it should be relieved of charges to its employer's benefit ratio account. We affirm.

On July 23 and July 25, 1983, while in the employ of petitioner as a truck driver, Molyneux was cited in the state of Texas for speeding violations. On December 16 of that year, while Molyneux was not so employed, he was arrested for driving under the influence of alcohol in Springville, Utah. Between January and October of 1984, Molyneux was again employed by petitioner as a truck driver. Molyneux informed petitioner of the DUI charge and represented that he had hired a lawyer who was fighting the charges. A letter from the city of Springville indicates that charges were dropped on March 6, 1984. Molyneux's license was reinstated on May 1. Later that year, when petitioner's insurance carrier ran a check on Molyneux's driving record and learned of his moving violations, it informed petitioner that Molyneux would be excluded from insurance. Consequently, on October 18, 1984, petitioner discharged Molyneux, and Molyneux sought unemployment compensation benefits.

In affirming the award of benefits by the Department of Employment Security, the administrative law judge concluded that not every cause for discharge provided a basis to deny benefits. An employer's just cause for discharge was predicated upon culpable conduct by the employee, coupled with the employee's knowledge of the employer's expectations and a legitimate concern by the employer that the employee's conduct was harmful or potentially harmful to the employer's rightful interests.

In reviewing the administrative law judge's application of the rules of law to the facts at hand, we defer to the technical expertise or more extensive experience of the administrative agency, so long as its decision is reasonable and rational. *Kehl v. Board of Review*, Utah, 700 P.2d 1129 (1985) (determining "just cause"); *City of Orem v. Christensen*, Utah, 682 P.2d 292 (1984); and *Clearfield City v. Department of Employment Security*, Utah, 663 P.2d 440 (1983) (determining culpable conduct).

In *Kehl v. Board of Review, supra,* we upheld an administrative law judge's find-

ing of discharge for just cause based on the employee's culpability, knowledge, and control of her conduct there in question. Those three factors establish fault and are essential for a determination of ineligibility for unemployment compensation, as set out in proposed Rule A71–07–1:5(A)(2) of the Proposed Rules and Regulations of the Department of Employment Security. *Kehl v. Board of Review, supra.* Those were also the three factors applied by the administrative law judge in the instant case to find Molyneux eligible for unemployment compensation. The administrative law judge noted that Molyneux was discharged because the employer's insurance carrier would not insure Molyneux; although the driving violations occurred during the course of employment, they occurred some eighteen months prior to the date of discharge; the DUI violation was dismissed, and Molyneux had a clean driving record during all of 1984. The administrative law judge concluded from those facts that although "the employer had no reasonable alternative but to either discharge the claimant or offer him other work, it is felt that the claimant's actions do not rise to the degree of culpability as contemplated by section 35–4–5(b)(1) of the Act."

The Board of Review adopted those conclusions, and its decision is well within the bounds of reason and rationality.

The decision of the Board of Review granting Molyneux unemployment compensation and denying petitioner relief from charges is affirmed.

HOWE, J., dissents.