**LOGAN REGIONAL HOSPITAL, Plaintiff,**

v.

**BOARD OF REVIEW OF THE INDUS-
TRIAL COMMISSION OF the STATE
OF UTAH, Department of Employment
Security and Abdul H. Dailami, Defend-
ants.**

No. 20781.

Supreme Court of Utah.

Aug. 5, 1986.

Larry R. White, Salt Lake City, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendants.

PER CURIAM:

The petitioner Logan Regional Hospital (Logan Hospital) seeks judicial review of a decision of the Board of Review of the Industrial Commission, granting unemployment benefits to the claimant Abdul H. Dailami. The Department of Employment Security initially denied Dailami benefits pursuant to section 35–4–5(b)(1) of the Utah Unemployment Security Act on the ground that Dailami had been terminated for just cause. An administrative law judge reversed that decision, and the Board of Review upheld his ruling that Dailami was entitled to benefits because he was not discharged for just cause. We affirm.

Logan Hospital hired Dailami as boiler operator on September 10, 1980, and terminated him on January 31, 1985. The administrative law judge found that over that period of time Dailami had been in-

volved in equipment shutdowns on three occasions and that he had received two disciplinary counseling actions and a reprimand for the incidents. The Board of Review found additionally that all but one of those objectionable incidents over which Dailami had control occurred in 1983 and that the employer chose not to terminate Dailami at that time. We do not here consider those incidents purportedly discovered by Logan Hospital after Dailami's termination, as they may not be advanced as reasons for a discharge for just cause. *Board of Education of Sevier County v. Board of Review*, 701 P.2d 1064 (Utah 1985); *Trotta v. Department of Employment Security*, 664 P.2d 1195 (Utah 1983); *Clearfield City v. Department of Employment Security*, 663 P.2d 440 (Utah 1983).

The incident leading to Dailami's discharge occurred on January 14, 1985, when Dailami discovered a leaky water pressure valve upon his arrival at work. Water was pouring from the broken pipe, flooding the boiler room. Dailami considered the situation an emergency. He opened a bypass valve and turned off the defective valve. The pressure of water entering Logan Hospital at approximately 100 pounds per square inch was normally reduced to about 55 pounds per square inch. The bypass valve had no pressure valve, but needed to be operated manually to check the flow. When Dailami opened this valve, the initial surge caused some minor flooding on the upper floors of the hospital. Dailami called in an assistant, who ran back and forth between the pressure gauge on the line and Dailami to report his readings while Dailami regulated the bypass valve manually. Apparently pressure went down rapidly, causing loss of water for several minutes before the gauge could be adjusted to 45 pounds of pressure and the broken pipe repaired and replaced. Dailami was discharged for failing to operate hospital equipment according to policy.

Logan Hospital maintains that "just cause" for discharge exists where an employee lacks ability to meet the standards of procedures of the employer which are known to the employee, particularly where, as here, the employee was terminated for repeated acts of violation, mistakes or accidents. Logan Hospital claims that the administrative law judge failed to base his ruling on that part of section 35–4–5(b)(1) dealing with discharge for just cause and instead relied on a case based on that part of the section dealing with deliberate, willful or wanton conduct adverse to the employer's rightful interest.[1] It expresses concern lest the standard required for just cause be confused and equated with that required for willful and wanton conduct.

The Board of Review counters that poor work performance may not disqualify an employee from receiving unemployment benefits unless that performance is evidenced by poor work attitude and lack of concern for the employer's rightful interests. The Board of Review explains that the administrative law judge did not apply the higher standard as claimed by Logan Hospital, but that he ruled instead that "just cause" must be based on a fault concept. That argument is borne out by the record.

Our review of the basic facts is limited to a determination whether the Commission's findings are supported by substantial evidence. U.C.A., 1953, § 35–4–10(i); *Utah Department of Administrative Services v. Public Service Commission*, 658 P.2d 601 (Utah 1983); *Salt Lake City Corp. v. Department of Employment Security*, 657 P.2d 1312 (Utah 1982). Also, it is for the administrative agency, not this Court, to choose between conflicting facts. *Id.* We review the Commission's application of the law to the facts at hand to determine

---

**1.** Section 35–4–5 provides as follows:
 An individual is ineligible for benefits or for purposes of establishing a waiting period:
 . . . .
 (b)(1) For the week in which the claimant was discharged for just cause or for an act or omission in connection with employment, not constituting a crime, which is deliberate, willful, or wanton and adverse to the employer's rightful interest. . . .

whether the Commission's decisions fall within the limits of reasonableness or rationality. *Wright's Furniture Mill, Inc. v. Industrial Commission,* 707 P.2d 113 (Utah 1985); *Kehl v. Board of Review,* 700 P.2d 1129, 1133 (Utah 1985). That same standard is also applied to the Commission's interpretation of operative provisions of its governing legislation and its application of those legal rules to the facts of this case. *Clearfield City v. Department of Employment Security,* 663 P.2d 440 (Utah 1983).

Rule A71–07–1:5(II)–1.A.3. of the Proposed Rules and Regulations of the Department of Employment Security, though not binding until adopted,[2] provided us with guidance in defining "just cause" in *Kehl v. Board of Review,* 700 P.2d 1129 (Utah 1985). The rule contains the three essential factors of culpability, knowledge and control that establish fault and therefore ineligibility to receive unemployment benefits. We held in *Kehl* that the rule was within the limits of reasonableness and rationality in light of the meaning given "just cause" in other jurisdictions.

■ The Unemployment Security Act was created to provide a cushion for the shocks and rigors of unemployment and is to be liberally construed to assist those who are attached to the work force. *Salt Lake City Corp. v. Department of Employment Security, supra.* Although an employer may be justified in discharging an employee who does not perform satisfactory work, the rule is that mere inefficiency or failure of good performance as the result of inability or incapacity, inadvertences, isolated instances of ordinary negligence, or good-faith errors in judgment or decisions do not constitute culpable conduct which precludes a discharged employee from receiving unemployment compensation benefits. Annot., 26 A.L.R.3d 1356 (1978); *Trotta v. Department of Employment Security, supra; Clearfield City v. Department of Employment Security, su-*

*pra. See also* Proposed Rule A71–07–1:5(II)–1.A.5.

It is this concept of culpable conduct or fault that Logan Hospital would read out of the legislative intent in adding "just cause" as an additional ground to protect an employer from having to pay unemployment benefits. We reject so broad a definition as it would render the purpose and policy underlying the Act a virtual nullity. Logan Hospital's argument is incompatible with the very principle of the Unemployment Security Act and is expressly refuted by the prerequisite of fault set out in the Proposed Rules of the Department of Employment Security. It is also defeated by every one of the cases Logan Hospital cites in support of its proposition that violations, mistakes and accidents, without more, should disqualify an employee from receiving benefits. Although repeated negligence or carelessness formed the basis for discharge of the employees in those cases, disqualification from benefits was predicated upon fault or culpable conduct in the employee's work performance. *See, e.g., Winters National Bank & Trust Co. v. Board of Review,* 9 Unempl.Ins.Rep. (CCH) ¶ 9464, Ohio Ct.C.P., MOntgomery County, No. 81–3363 (1982); *Nurse v. Board of Review,* 9 Unempl.Ins.Rep. (CCH) ¶ 9346, Ohio Ct.App., Summit County, No. 9836 (1981); *Angelkovski v. Buckeye Potato Chips Co.,* 11 Ohio App.3d 159, 463 N.E.2d 1280 (1983); *Starkey v. Unemployment Insurance Appeal Board,* 340 A.2d 165 (Del.Super.Ct.1975), *aff'd,* 364 A.2d 651 (1976). Where the element of fault is lacking, the employee's conduct may be sufficient for discharge, but is not necessarily sufficient for a disqualification from benefits under the Unemployment Security Act. *Martin v. Department of Employment Security,* 682 P.2d 304 (Utah 1984). *See also Schaffner v. Department of Employment Security,* 140 Vt. 89, 436 A.2d 743 (1981).

The Proposed Rules of the Department of Employment Security provide that benefits should be denied to individuals "who

**2.** The rules have since been adopted and reissued, effective January 15, 1986, in nearly iden-

tical form. *See Messersmith v. Board of Review,* Utah, 722 P.2d 759 (1986).

bring about their own unemployment by conducting themselves with respect to their employment with callousness, misbehavior or lack of consideration to such a degree that the employer was justified in discharging the employee." Evidence must establish whether a claimant is at fault, and fault, as we have seen in *Kehl v. Board of Review, supra,* for a just-cause discharge is established by the culpability, knowledge and control of the employee with respect to the objectionable conduct. The Proposed Rules continue:

> Fault may not be established when the reason for discharge is based on such things as mere mistakes, inefficiency, failure of performance as the result of inability or incapacity, inadvertence in isolated instances, good-faith errors in judgment or in the exercise of discretion, minor but casual or unintentional carelessness or negligence, etc. These examples of conduct are not disqualifying because of the lack of knowledge or control. However, continued inefficiency, repeated carelessness, or lack of care exercised by ordinary, reasonable workers in similar circumstances, may be disqualifying depending on the reason and degree of the carelessness, the knowledge and control of the employee.

Logan Hospital argues that even under the just-cited language continued inefficiency and repeated carelessness may be disqualifying, but it appears that such a finding would have to hinge on the degree of carelessness and the knowledge and control of the employee. The administrative law judge expressly found that the circumstances leading to Dailami's discharge were the result of inadvertent conditions beyond his power of control, precluding a discharge for just cause. The recommendation for termination written by Dailami's supervisor lauds attributes that are totally inconsistent with the attributes of disqualifying fault:

In spite of having to make this recommendation for termination of [Dailami], I would also like to emphasize that this action is taken for the concerns as stated related to these problems. Let this record show that it intends no reflection on the other aspects of [Dailami's] employment. He has been courteous, reliable, willing to adhere to policies and procedures, and generally a satisfactory employee. His inability to resolve these major problems is what makes this recommendation necessary.

■ We conclude that the Commission's premise of "just cause" upon a concept of fault was well within the realm of reasonableness and rationality.

■ Logan Hospital's claim that the Board of Review's failure to mail it a copy of Dailami's brief prepared for the rehearing constituted a denial of due process is without merit. Section 35-4-10(e) of the Unemployment Security Act grants the Commission great latitude in fashioning its own regulations and procedures. Under its internal rules, the Board of Review does not take additional evidence, but may invite the parties to present oral or written argument or both. That was done here. Both parties filed extensive briefs which the Board of Review considered in its review. Both parties had notice and an opportunity to be heard and to confront adverse witnesses. Due process demands no more. *Wakshlag v. Review Board,* 4 Unempl.Ins. Rep. (CCH) ¶ 8413, Ind.Ct.App., First District, No. 2-880A265 (1980).

The decision of the Board of Review is affirmed.