VERNON C. YOUNG, M.D., P.C., Plaintiff,

v.

BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.

No. 860350.

Supreme Court of Utah.

Dec. 16, 1986.

Ronald D. Young, Salt Lake City, for plaintiff.

Linda Wheat Field, Salt Lake City, for defendant.

## PER CURIAM:

In his petition for a writ of review, the employer, Vernon C. Young, M.D. (Dr. Young), assails the factual findings and resulting decision of the Board of Review as arbitrary, capricious, unreasonable, and lacking factual support. Dr. Young contends that the Board of Review erred in not finding that his employee was discharged for just cause as a matter of law. The Board affirmed an administrative law judge decision that Dr. Young's employee, Jody England, was not discharged for just cause as provided in section 35–4–5(b)(1) of the Utah Employment Security Act and that she was consequently entitled to unemployment benefits. The Board also declined to relieve Dr. Young of charges as provided by section 35–4–7(c)(3)(F) of the Act and held him liable for his prorated share of benefit costs paid to England. We affirm.

█ England was employed as a receptionist in Dr. Young's medical office for less than a year. Dr. Young's main argument on appeal is that England's repeated tardiness constituted "just cause" for termination and that her tardiness was the "proximate cause" of her discharge. England admitted to being frequently tardy throughout the course of her employment, but testified that she had been asked to change her habit only once in August of 1984 and without warning that continued tardiness would result in her dismissal. Dr. Young submitted contradictory affidavits from himself and his office staff which was composed in the main of family members.

Mrs. Young, the office manager, testified that England was last warned on November 12, 1984, that her tardiness would result in dismissal. Mrs. Young advanced several personal reasons why she could not afford to let England go at that time. England testified that she was handed her last paycheck on December 27 with the words that the office needed reorganizing, and Dr. Young needed a receptionist who could type insurance forms. She was also

told that she talked too much. Dr. Young enumerated details of "unsatisfactory work and inadequate job performance" in explaining his reason for discharge to the Department of Employment Security.

▆ Where the facts as found are supported by the evidence, they are conclusive upon this Court. U.C.A., 1953, § 35-4-10(i). Consequently, this Court will not overturn the Board of Review's findings of fact unless they are clearly arbitrary and capricious. *Kehl v. Board of Review,* 700 P.2d 1129 (Utah 1985). So long as there is evidence of any substance whatever to support the factual findings, those findings will be upheld. *Board of Education of Sevier County v. Board of Review,* 701 P.2d 1064 (Utah 1985). The mere fact that some evidence is introduced which disputes other evidence does not compel the conclusion that the Board's decision is unsupported by any evidence. *Terminal Service Co. v. Board of Review,* 714 P.2d 298 (Utah 1986). In his reply brief, Dr. Young makes a point of all the evidence that contradicts the administrative law judge's findings. The evidentiary requirements for administrative decisions provide the answer:

> Preponderance means evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not.

Unemployment Insurance Rule 35-4-2(B). Although the evidence Dr. Young recites was before the administrative law judge, the administrative law judge chose to find other evidence more convincing. We do not substitute our findings so long as there is also, as here, ample evidence to support the administrative law judge's findings.

▆ From the findings before him, the administrative law judge concluded that England was terminated at Dr. Young's convenience. The Utah Department of Employment Security's Unemployment Insurance Rule 35-4-5(b)(1)(F)(2) provides that when a discharge does not occur immediately after the employer becomes aware of an offense, a presumption arises that there were other reasons for the discharge.

That rule is reasonable and in keeping with statutory and case law alike. The administrative law judge concluded that England's discharge did not follow an act against the employer's interest, that the employer had the burden to show causal connection between that act and the termination, and that where sufficient time had elapsed between the two, a presumption arose that no causal link between the employee's act and the eventual termination existed. That conclusion was consistent with the Department's own rule and the facts before the administrative law judge. This Court reviews administrative conclusions under an intermediate standard of review and upholds them, so long as they are reasonable and rational. *Board of Education of Sevier County,* 701 P.2d at 1068.

▆ Not every cause for discharge provides a basis to deny eligibility for unemployment compensation. *Id.* at 1068; *accord Logan Regional Hospital v. Board of Review,* 723 P.2d 427 (Utah 1986). Nonetheless, Dr. Young argues that "just cause" to terminate England as defined in *Kehl v. Board of Review* must be evaluated in terms of England's knowledge, culpability, and control of her behavior. We have no quarrel with his argument, *Lane v. Board of Review,* 727 P.2d 206 (Utah 1986), but reiterate that the administrative law judge was free to weigh the evidence and determine whether those criteria had been satisfied. The evidence was conflicting, with England testifying that she had not been told her tardiness would result in dismissal from her job. Initial reasons given by Dr. Young established that England was terminated for reasons amounting to inefficiency, unsatisfactory conduct, and failure in good performance. The record indicates that as soon as Dr. Young was able to hire a replacement for England, he hired a person in her place and discharged England at his convenience. The administrative law judge was therefore well within the realm of rationality and reasonableness in concluding that England's behavior had been condoned and that the discharge was not sufficiently related to the offense to have been caused by it. That conclusion precludes a finding that England had

knowledge sufficient to anticipate the effect her conduct would have. *Kehl*, 700 P.2d at 1133. Our decision in *Januzik v. Department of Employment Security*, 569 P.2d 1112 (Utah 1977), is not inconsistent with our decision today. We there upheld the *denial* of benefits based upon the facts in that case which clearly showed that the claimant was on notice that his absenteeism would result in discharge.

We do not here consider incidents Dr. Young claims to have discovered after England's termination. *Logan Regional Hospital*, 723 P.2d 427 (Utah 1986); *Board of Education of Sevier County*, 701 P.2d at 1067; *Trotta v. Department of Employment Security*, 664 P.2d 1195 (Utah 1983).

Having affirmed the findings and conclusions of the administrative law judge that England was not discharged for just cause, we also affirm his decision that Dr. Young is liable for his prorated share of benefit costs paid to England.

Affirmed.

STEWART, Associate C.J., concurs in the result.