**SPARTAN AMC/JEEP, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRI-AL COMMISSION OF UTAH, DE-PARTMENT OF EMPLOYMENT SE-CURITY, and Emery C. Webster, Defendants.**

**No. 20413.**

Supreme Court of Utah.

Nov. 4, 1985.

Donald E. Elkins, Provo, for appellant.

K. Allan Zabel, Salt Lake City, for respondents.

HOWE, Justice:

Appellant, Spartan AMC/Jeep, seeks review of a decision of the Board of Review of the Industrial Commission which affirmed an administrative law judge's ruling that claimant, Webster, had not been discharged for just cause and thus was eligible for unemployment compensation. Appellant contends that the evidence is insufficient to sustain the Board of Review.

Because some cash had been stolen from the parts department at Spartan AMC/Jeep, the company president, Norman Garrett, asked the parts department employees to undergo polygraph tests. Claimant voluntarily took the test. As a result of the test, the polygraph examiner told Garrett that claimant had possibly taken kickbacks from parts suppliers, in violation of company policy, and had stolen goods from the company. The president confronted claimant, who admitted taking some antifreeze for use in his own automobile and some motor home cabinet doors which he had been instructed to discard. He denied taking money or gifts from parts suppliers, in violation of company policy. Despite these denials, Garrett concluded that claimant was dishonest and dismissed him.

Claimant filed for unemployment benefits, and Spartan challenged any award to him. After a hearing, at which conflicting testimony was presented, the administrative law judge held that Spartan had failed to carry its burden that claimant had been discharged for conduct which would disqualify him for unemployment compensation. U.C.A., 1953, § 35-4-5(b)(1). This ruling was upheld by the Board of Review.

Our standard of review in cases from the Board of Review is established by statute. "[T]he findings of ... the board of review as to the facts if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law." U.C.A., 1953, § 35-4-10(i). We view the evidence in the light most favorable to the findings and, if there is evidence of any substance whatever which can be reasonably regarded as supporting the determination of the Board of Review, we will affirm

that determination on appeal. *Taylor v. Department of Employment Security,* Utah, 647 P.2d 1 (1982).

Spartan relied heavily on the results of the polygraph examination to justify dismissing claimant. However, Spartan failed to produce both the polygraph examination and the polygraph examiner for cross-examination. Only a letter detailing the examiner's conclusions was submitted.

Garrett testified that after claimant took the polygraph examination, he admitted taking supplies from Spartan. However, claimant's testimony was to the contrary. Garrett also testified that claimant admitted that he had taken incentives from parts suppliers which was contrary to company policy. However, claimant's testimony was that he received no such incentives, that he had strictly followed company policy by refusing such incentives, and that he requested lower prices on supplies in lieu of the incentives. Although claimant admitted receiving some small gifts from suppliers at Christmas, Spartan's evidence did not clearly show that receiving such gifts violated company policy. He denied having purchased supplies at prices higher than charged by other suppliers. Spartan's meager evidence did not indicate otherwise. He admitted receiving cash from one supplier, but that was payment for assisting the supplier in taking inventory. Spartan also had a policy of supplying its employees with antifreeze to prepare their cars for winter driving.

The decision of the Board of Review that claimant was discharged without just cause is supported by competent evidence. We therefore affirm the decision.

HALL, C.J., and STEWART, DURHAM, and ZIMMERMAN, JJ., concur.