TERMINAL SERVICE CO., Plaintiff,

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, Defendant.**

No. 20707.

Supreme Court of Utah.

Jan. 17, 1986.

L. John Lewis, Salt Lake City, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendant.

PER CURIAM:

Plaintiff employer appeals from the ruling of the Board of Review granting unemployment compensation benefits to Ricardo Burnside, plaintiff's former employee. After a hearing conducted by telephone conference call, the administrative law judge concluded that Burnside was not entitled to benefits. After careful consideration of the record and hearing transcript, the Board of Review reversed and held that Burnside's unexcused absence from work, which resulted in his discharge, did not disqualify him from benefits.

Plaintiff argues on appeal that the findings of the Board are not supported by the evidence. The Board found that Burnside had called in his absences in advance, that any past tardiness or absences and warnings had not been documented, and that other employees were allowed to be absent without similar disciplinary action. In reviewing the Board's decision, we are bound by the established standard of review to uphold its factual findings if reasonably supported by evidence of any substance whatever. *Utah Department of*

*Administrative Services v. Public Service Commission,* Utah, 658 P.2d 601, 609 (1983); *Kennecott Copper Corp. Employees v. Department of Employment Security,* 13 Utah 2d 262, 264–65, 372 P.2d 987, 989 (1962). Accordingly, we view the evidence in the light most favorable to the Board's findings. Giving considerable deference to the Board's determination, we decline to reassess the weight of the evidence. The record before us sufficiently supports the determination that Burnside's absences did not constitute just cause for his discharge under U.C.A., 1953, § 35-4-5(b)(1) (Supp.1985), as amended.

At the telephone hearing, there was conflicting testimony presented by the parties as to whether Burnside had called in his absences in advance and whether he was clearly warned that any future attendance deficiency would result in termination. Plaintiff claimed that Burnside's absences from work on Sunday and Monday (December 9 and 10, 1984) were unexcused and contrary to an unwritten company policy, allegedly understood by all employees.

There was no documented evidence presented as to Burnside's absences or tardiness which would corroborate plaintiff's claim of prior unexcused absences. Plaintiff admitted that it had no written attendance policy supporting its testimony and that no written warning or reprimand was given to Burnside to advise him of possible discharge. Also, Burnside was not given any separation notice advising him as to the reasons for his discharge. *See Trotta v. Department of Employment Security,* Utah, 664 P.2d 1195 (1983).

Burnside testified that plaintiff was notified of his absences before work on both days and that he had understood there would be no problem when plaintiff was advised of the reasons therefor. When denied time off the previous Sunday, Burnside understood there would be no problem taking off the next weekend, December 9. He did not recall being warned that he would be dismissed if he ever failed to appear for work in the morning.

Burnside also testified that plaintiff haphazardly and inconsistently enforced its alleged verbal policies regarding time off, attendance, and tardiness. He testified that others were allowed unexcused absences on other occasions, which required him to work at jobs where less than a full crew was available. Also, Burnside claimed that he worked extra time in the evenings without additional pay. Plaintiff's witnesses agreed that Burnside worked hard while on the job.

In view of the foregoing facts and other evidence presented at the administrative hearing, we cannot say that the Review Board abused its discretion in awarding compensation benefits to the discharged employee. The fact that plaintiff introduced evidence disputing Burnside's testimony does not compel the conclusion that the Board's decision is either unsupported by any evidence or constitutes an abuse of discretion. We will not disturb the Board's determination that plaintiff failed to carry its burden of proof.

The order of the Board of Review is affirmed.

STEWART, J., concurs in the result.