Michael F. GRINNELL, Plaintiff,

v.

BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH and May Trucking Company, Defendants.

No. 860256.

Supreme Court of Utah.

Jan. 13, 1987.

Ted K. Godfrey, Ogden, for plaintiff.

Linda Wheat Field, Salt Lake City, for defendants.

PER CURIAM:

Claimant Michael F. Grinnell has petitioned this Court for a writ of review to determine that the Board of Review's decision that Grinnell was discharged for just cause was not supported by substantial evidence and was not within the limits of reasonableness and rationality. The Board reversed an administrative law judge decision that Grinnell was not dismissed for disqualifying conduct. We affirm the Board's decision.

Grinnell was employed as cross-country driver for May Trucking Company between September of 1984 and December of 1985. Upon his return to Layton, Utah, from a two-week road trip in December of 1985, the employer discovered that Grinnell had altered the road speed governor. When in working order the governor restricted the speed on Grinnell's truck to sixty-one to sixty-two miles per hour. Grinnell explained that he had attempted to repair an air valve, not to remove speed restrictions from the governor. The employer had a policy that required employees to immediately notify the shop in Payette, Idaho, in the event of mechanical failures or breakdowns so that they could be directed to the nearest repair facility. Grinnell was aware of the company's policy, but did not report the alleged failure of the air valve, nor did he offer an explanation for his failure to report the break-down.

An on-board computer in Grinnell's truck indicated that Grinnell had averaged sixty-six miles per hour for extended periods of time on three occasions during that trip and that he had driven the truck for twenty-one hours and twenty-eight minutes during one twenty-four-hour period. Grinnell's operation of the truck for that length of time violated the hours of service regulations of the United States Department of Transportation and company policy which limit a driver to ten hours of driving following eight consecutive hours of rest. Grinnell was immediately suspended from work for two weeks and was required to take a urinalysis test as condition for reinstatement, inasmuch as the employer did not believe that anyone could operate a truck for almost twenty-two hours without chemical assistance. Traces of marijuana were found in Grinnell's blood, and Grinnell was not reinstated.

The administrative law judge found that the employer had terminated Grinnell as a result of the discovery of a drug in his system and that the other incidents were not the primary reason for termination. He noted that there had been considerable confusion as to the understanding of the employer's rules and policy with respect to drug use. The administrative law judge concluded that Grinnell did not have knowledge that he would lose his job under the circumstances and consequently was not discharged for just cause. U.C.A., 1953, § 35-4-5(b)(1) (Supp.1985). The Board of Review reversed, finding that Grinnell was terminated for all of the policy violations and that the drug use was the violation that according to the employer "broke the camel's back." Consequently, the Board of Review concluded Grinnell had sufficient culpability, knowledge, and control with respect to his conduct so that he was discharged for just cause.

Our case law is well-settled by now that a claimant is terminated for just cause when his or her culpability, control over the conduct, and knowledge that the conduct will likely result in termination can be shown. *Green v. Board of Review,* 45 Utah Adv.Rep. 27 (Nov. 5, 1986); *Lane v. Board of Review,* 727 P.2d 206 (Utah 1986); *Logan Regional Hospital v. Board of Review,* 723 P.2d 427 (Utah 1986); *Spartan AMC Jeep v. Board of Review,* 709 P.2d 395 (Utah 1985); *Wright's Furniture Mill*

& *Cabinet Co. v. Industrial Commission,* 707 P.2d 113 (Utah 1985); *Rahimi v. Board of Review,* 706 P.2d 1063 (Utah 1985); *Kehl v. Board of Review,* 700 P.2d 1129 (Utah 1985).

██ Our review of the facts is limited to the determination whether there is evidence of any substance whatever in the record to support the Board's findings. Where that evidence exists, those findings are conclusive upon this Court, even when the evidence is disputed. *Young v. Board of Review,* 48 Utah Adv.Rep. 22 (Dec. 16, 1986); *Terminal Service Co. v. Board of Review,* 714 P.2d 298 (Utah 1986). Two witnesses for the employer testified that it was the cumulative effect of Grinnell's violations of company policy that led to his discharge, and the Board's findings are therefore not arbitrary and capricious.

We apply an intermediate standard of review to the Board's application of the law to the pertinent facts and uphold its decision so long as it is within the realm of reasonableness and rationality. *Young* at 23; *Board of Education of Sevier County v. Board of Review,* 701 P.2d 1064 (Utah 1985). Applying the factors of culpability, knowledge and control to the instant facts, the conclusion could reasonably and rationally be drawn that Grinnell's conduct was sufficiently culpable that it could have caused actual or potential harm to his employer's rightful interests. *Kehl* at 1134; *accord Rahimi* at 1064. Grinnell knew or should have known what effect his conduct would have upon his employment. Written policies existed for expected conduct, and Grinnell had been made aware of those policies in his employment orientation program. *Kehl* at 1133. Finally, Grinnell's conduct was well within his power and capacity to control or prevent. Although his driving record had theretofore been excellent, Grinnell's conduct in operating a heavy vehicle upon interstate highways must be viewed as one of those instances "where a single violation of a safety rule may be sufficient to show that the potential harm to his employer's interests warranted his discharge." *Kehl* at 1134. Grinnell

removed the road-speed governor, exceeded prescribed speed limits in excess of ten miles per hour, and operated his truck double the legal hours set by interstate and company rules. He also ingested marijuana sometime during his last cross-country trip. In all of those instances, he could have prevented or controlled the violations of safety rules set by the Department of Transportation and his employer. His failure to do so satisfied the third factor for just cause discharge.

The decision of the Board of Review is affirmed.