George MIDVAG, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SE-
CURITY, Board of Review of the Indus-
trial Commission of Utah, and Salt
Lake County, Defendants.

No. 860173-CA.

Court of Appeals of Utah.

April 6, 1987.

George Midvag, pro se.

Linda Wheat Field, Salt Lake City, for
defendant Dept. of Employment Sec.

### MEMORANDUM OF DECISION

Before JACKSON, ORME and
BENCH, JJ.

BENCH, Judge:

Plaintiff George Midvag, in a pro se ac-
tion, seeks judicial review of an administra-
tive decision which disqualified him from
receiving unemployment benefits pursuant
to *Utah Code Ann.* § 35-4-5(a) (1986). We
affirm.

Midvag was employed by the Salt Lake
County Assessor's office on March 1, 1977.
He worked there in various capacities until
he quit on April 15, 1985. His decision to
quit followed closely his transfer from real
estate appraisal work, for which he had
recently been trained, to appraisal and col-
lection duties in the personal property divi-
sion. Following his transfer, Midvag con-
tinued to draw a salary of $19,800 per year.
Midvag quit his job for two articulated
reasons: (1) he found it increasingly diffi-
cult to live within his income and foresaw
no future of any promotion opportunities
following his transfer; (2), the foul lan-
guage and questionable business practices
used by his new co-workers bothered him
considerably.

Midvag owned land and a log cabin in the
remote area of Slana, Alaska. In order to
reduce his cost of living and to get away
from his displeasing work environment, he
quit his employment and moved to Alaska.
He previously had contacted two employers
in Slana who told him he would have no
trouble finding work in the area. How-
ever, upon his arrival, Midvag discovered
that both job opportunities had disappeared
and no other work was to be found in the
sparsely populated area. For six months,
Midvag and his family managed to survive
on virtually no income. Finally, faced with
the prospects of a bitter winter and no
employment in sight, Midvag applied for
unemployment benefits with the Depart-
ment of Employment Security on October
4, 1985. A department representative de-
nied Midvag's application and he appealed.
After a hearing, an appeal referee disqual-
ified Midvag from receiving unemployment
benefits pursuant to § 35-4-5(a) on the
grounds he had voluntarily left his employ-
ment without good cause and it would not
be against equity and good conscience to
deny him benefits. The referee concluded
that working conditions at the County were
not so adverse as to leave Midvag with no
alternative but to quit, and that Midvag
acted unreasonably by leaving his employ-
ment with the County before securing em-

ployment in Alaska. The Board of Review affirmed and Midvag filed with this Court a petition for review.

When the findings of the Board of Review are supported by evidence and its decision falls within the limits of reasonableness and rationality, we will not substitute our judgment for that of the Board of Review. *Utah Code Ann.* § 35–4–10(i) (1986); *Gibson v. Board of Review,* 707 P.2d 675 (Utah 1985). We have reviewed the record and find substantial evidence to support the findings of fact. Moreover, we find the Board's decision to be well within the bounds of reasonableness and rationality. Midvag's personal dissatisfaction with his work situation was not good cause to quit under § 35–4–5(a). *Gibson,* 707 P.2d at 677. Furthermore, his actions were unreasonable in quitting before he had assurance of another job and before he had been given a definite date to begin work in Alaska. *Rizzo v. Industrial Commission,* 716 P.2d 789 (Utah 1986). Under those circumstances, equity and good conscience do not dictate that Midvag be awarded benefits.

Affirmed.

JACKSON and ORME, JJ., concur.