Mark E. **STEGEN**, Plaintiff,

v.

**DEPARTMENT OF EMPLOYMENT SECURITY and Cereal Foods, Inc., Defendants.**

No. 870254–CA.

Court of Appeals of Utah.

March 25, 1988.

Mark E. Stegen, pro se.

David L. Wilkinson, Atty. Gen., Alan Hennebold (Argued), Sp. Asst. Atty. Gen., Dept. of Employment Sec., Salt Lake City, for defendants.

Before BENCH, GARFF and ORME, JJ.

## OPINION

GARFF, Judge:

Plaintiff, Mark E. Stegen, appeals the decision of the Board of Review of the Industrial Commission (Board) which determined that plaintiff was discharged from his employment at Cereal Food Processors, Inc. (Cereal) for reasons disqualifying him for unemployment benefits pursuant to Utah Code Ann. § 35–4–5(b)(1) (1987).

Plaintiff was employed by Cereal from May 31, 1985 to January 26, 1987 as a laborer, earning $10.69 per hour. His employment was terminated for violations of Cereal's attendance rules, which violations the Department of Employment Security (Department), the Appeal Referee (Referee), and the Board determined to constitute "just cause" within the meaning of Utah Code Ann. § 35–4–5(b)(1).

Between June 2, 1986 and January 26, 1987, plaintiff was absent from work approximately twenty-five days due to health problems, court appearances and personal business. During this same period, he was

late or left early on approximately sixteen occasions. His immediate supervisor gave him a verbal warning on September 12, 1986.

In December, plaintiff was absent five days and tardy four times. He received a written warning on December 9, 1986, dated October 28, 1986, and a follow-up written warning dated December 31, 1986. He was advised at the time of each warning that further disciplinary action would be initiated if his attendance record did not improve. On January 5, 1987, after reporting to work thirty-three minutes late, plaintiff and his union representative met with his supervisor to discuss his attendance record.

In January 1987, plaintiff called in sick on the 10th, asked for time off to attend to personal problems on the 15th, and called on the 16th to report that he would be late because of an electrical power outage. Plaintiff was suspended for three days beginning January 16, 1987. He was warned that any further absences or tardiness would result in additional disciplinary action and that his past usage of doctors' excuses was excessive.

Plaintiff failed to report to work on January 21, 1987. He called approximately four and one-half hours into his shift, explaining that he had broken out with a rash and would be unable to work. A doctor examined him that day, treated the condition with medication, and released him to return to work on the next day, January 22, 1987.

Plaintiff was scheduled to meet with management and his union steward concerning his attendance record on January 23, 24, and 27, 1987. Plaintiff failed to keep any of these appointments. On January 27, 1987, he learned through a friend that he had been fired. He reported to work on January 29, 1987 to pick up his check, and was officially notified of his termination. Plaintiff filed a grievance with the union, appealing his separation

from the company. The union rejected his grievance.

On March 16, 1987, the Department denied plaintiff unemployment benefits, determining that he was discharged from Cereal for just cause within the meaning of Utah Code Ann. § 35–4–5(b)(1). Plaintiff appealed the Department's decision. A hearing was held before the Referee on April 23, 1987. The Referee affirmed the Department's determination. Plaintiff pursued an administrative appeal to the Board. On June 17, 1987, the Board affirmed the Referee's decision. Plaintiff petitioned for a writ of review with this Court, pursuant to Utah Code Ann. § 35–4–10(i) (1987), contending that the Board's findings of fact were unsupported because they were based on inconsistent and controverted evidence.

Plaintiff raises two issues on appeal: (1) whether the Board's findings of fact are supported by substantial evidence, and (2) whether the Board's application of Utah Code Ann. § 35–4–5(b)(1) to the findings of fact are within the limits of reasonableness and rationality.

The standard of review is set forth in Utah Code Ann. § 35–4–10(i),[1] which reads, in relevant part, as follows: "In any judicial proceeding under this section, the findings of the commission and the board of review as to the facts if supported by evidence are conclusive and the jurisdiction of the court is confined to questions of law." The Utah Supreme Court has consistently interpreted this provision to mean that the greatest degree of deference is extended to the Commission's findings on questions of basic fact and are to be sustained if supported by "evidence of any substance whatever." *Kennecott Copper Corp. Employees v. Department of Employment Sec.,* 13 Utah 2d 262, 372 P.2d 987, 989 (1962). They are to be set aside only if they are so without foundation in fact that they "must be deemed capricious and arbitrary." *Utah Dep't. of Admin. Serv. v. Public*

---

1. The new Utah Administrative Procedures Act, Utah Code Ann. § 63–46b–1 to –21 (1987), is applicable to all agency adjudicative proceedings commenced by or before an agency on or after January 1, 1988. The present action, even though pending on January 1, 1988, is governed by the statutes and rules in effect on December 31, 1987, pursuant to Utah Code Ann. § 63–46b–22 (1987).

*Serv. Comm'n.,* 658 P.2d 601, 609 (Utah 1983).

■ Notwithstanding plaintiff's attack upon the credibility of Cereal's evidence, a review of the record shows substantial evidence supporting the Board's findings of fact. Plaintiff's allegations that Cereal retroactively documented his attendance records and that various items of evidence on record contradicted one another do not rise to the level of demonstrating that the Board's decision was arbitrary and capricious. Furthermore, plaintiff's own testimony substantiates the recorded attendance information, retroactively drafted or not. In reviewing this decision, it is not this Court's position to substitute its own judgment by "[choosing] between conflicting facts" nor to overturn the Board's findings unless they are without substantial support in the record. *Northwest Foods Ltd. v. Board of Review,* 731 P.2d 470, 471–72 (Utah 1986). Accordingly, we deem the Board's findings of fact to be conclusive.

■ This case involves the application of Utah Code Ann. § 35–4–5(b)(1) (1987), which provides that an employee is ineligible for benefits if discharged for just cause. To establish just cause, the Utah Supreme Court has determined that the employer must show that the employee was at fault using three basic factors: culpability, knowledge and control. *Grinnell v. Board of Review,* 732 P.2d 113, 114 (Utah 1987); *Kehl v. Board of Review,* 700 P.2d 1129, 1133–34 (Utah 1985). When reviewing the Board's application of such factors to the pertinent facts, this Court applies an intermediate standard of review, which requires that the decision under consideration be reasonable and rational. *Grinnell,* 732 P.2d at 115. "The test of rationality may be simply a matter of logic or completeness such as ... whether the Commission's findings of fact support its conclusion." *Utah Dep't. of Admin. Serv.,* 658 P.2d at 611. Thus, we will deem the Board's findings in the present case to be reasonable and rational if its factual findings support its conclusions as to each of the three basic factors.

■ The first factor, culpability, concerns the wrongfulness of the employee's conduct in the context of his or her particular employment and the necessity of terminating his or her employment to avoid actual or potential harm to the employer's rightful interests. *Kehl,* 700 P.2d at 1133. Plaintiff was repeatedly absent and tardy over a seven month period, failing to improve his behavior following verbal and written warnings and a three-day suspension period. Plaintiff also demonstrated a total disregard for Cereal's repeated attempts to meet with him in order to bring about changes in his work attitude. The administrative rule pertaining to attendance and punctuality states that an employer has a right to expect its employees to meet reasonable attendance guidelines in order to maintain order, control and productivity. Utah Admin.Code R475–5b1–8(2)(a) (1987). Plaintiff's responsibilities as a laborer required his physical presence at the job site. His failure to heed his supervisors' warnings demonstrated negative conduct harmful to Cereal's interests. We, therefore, conclude that the record reasonably and rationally supports the Board's conclusion that plaintiff's absenteeism was culpable conduct.

The second factor requires that the employee know what sort of conduct the employer expected. *Kehl,* 700 P.2d at 1133. The record shows that in following disciplinary procedures established by the union contract, Cereal informed plaintiff of its attendance expectations and the consequences of plaintiff's failure to meet those expectations. In fact, plaintiff testified that he felt he would be fired after he had missed the scheduled meetings on January 23 and 24. Thus, we find that the Board made a rational and reasonable determination that plaintiff had knowledge of the expected conduct.

The final factor requires that the proscribed conduct be within the employee's power and capacity to control or prevent. *Id.* at 1134. Although some of plaintiff's absences were beyond his control, having been caused by medical problems, the record substantiates the Board's decision that

many of the other circumstances contributing to plaintiff's absenteeism resulted from poor planning and from personal situations within plaintiff's control. We, therefore, find that the Board's determination that plaintiff had control over his conduct was also rational and reasonable.

We conclude that the Board reasonably and rationally determined that plaintiff was discharged for just cause pursuant to Utah Code Ann. § 35–4–5(b)(1) because there is substantial evidence supporting the Board's determination that plaintiff had culpability, control over his conduct, and knowledge that continuation of his culpable conduct would likely result in his termination. We affirm the Board's decision denying plaintiff unemployment benefits.

Judgment affirmed. No costs awarded.

BENCH and ORME, JJ., concur.