**Jim Whetton BUICK, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY and Mitchell L. Burnett, Defendants.**

**No. 870235–CA.**

Court of Appeals of Utah.

March 29, 1988.

Paul A. Kirk, Provo, for plaintiff.

K. Allen Zabel, Lorin R. Blauer (argued), Salt Lake City, for defendants.

Before BENCH, GARFF and ORME, JJ.

## OPINION

BENCH, Judge:

Jim Whetton Buick (Buick) petitions this Court for review of a decision of the Board of Review of the Industrial Commission (Board) granting unemployment benefits to a discharged employee. We affirm the Board's decision.

Mitchell L. Burnett worked as a delivery person for Buick from August 10 to December 3, 1986. On November 13, Burnett was discharged after a dispute with Buick's service manager regarding overtime responsibilities. Burnett was rehired two days later and provided with a written job description which included the time he was expected to be at work. Burnett was tardy at least twice after his reinstatement.

He indicated his tardiness was due to the fact that he rode the bus to work and would sometimes be late for the earlier bus or miss his transfer.

On the morning of December 2, 1986, Burnett attempted to contact both the service manager and operations manager to report that he would be absent that day due to a toothache. Unable to contact them, he left a message with a co-worker indicating he would not be at work. On December 3, after again arriving late to work, Burnett was summoned to the operations manager's office to explain his absence the preceding day. After Burnett explained he had a toothache and did not feel well enough to work, the operations manager asked for Burnett's dentist's name and reached for a telephone book to verify Burnett's excuse. Burnett then told the operations manager he did not see a dentist. Burnett was discharged at that time for failing to report to work.

Burnett applied for unemployment insurance benefits. After an investigation, a representative of the Department of Employment Security (Department) determined Burnett was discharged for just cause and therefore disqualified to receive benefits pursuant to Utah Code Ann. § 35-4-5(b)(1) (1987). Burnett appealed the Department's decision. After a hearing, an appeal referee reversed the Department's decision and allowed benefits to Burnett and ordered Buick liable for its prorated share of the benefit costs. *See* Utah Code Ann. § 35-4-7(c)(3)(F) (1987). The Board adopted the findings and conclusions and affirmed the decision of the appeal referee. On writ of review, Buick argues the Board erred in concluding Burnett was not discharged for just cause.

Section 35-4-5(b)(1) provides:

An individual is ineligible for benefits ... [f]or the week in which the claimant was discharged for just cause or for an act or omission in connection with employment, not constituting a crime, which is deliberate, willful, or wanton and adverse to the employer's rightful interest, if so found by the commission, and thereafter until

the claimant has earned an amount equal to at least six times the claimant's weekly benefit amount in bona fide covered employment.

In defining "just cause," this Court has held, "A claimant is terminated for just cause, and is thereby precluded from receiving unemployment benefits, when his or her culpability, control over the conduct, and knowledge that the conduct will likely result in termination is shown." *Champlin Petroleum Co. v. Department of Employment Sec.*, 744 P.2d 330, 331 (Utah App.1987). *See also* Utah Admin.Code R475–5b1–2 and –8(2)(a) (1987). In his findings and conclusions, the appeal referee found:

In the present case, the employer clearly showed the claimant was in violation of attendance rules. The evidence, however, does not sustain a finding that his actions were willful or wanton within the meaning of the Utah Employment Security Act.... He missed work on [December 2] due to health problems, a situation beyond his control.... Although the employer may have had a right to fire the claimant as a result of his poor attendance record, there is insufficient evidence to show his actions meet the established criteria so as to constitute disqualifying conduct under the terms of the statute. It is ruled the claimant was not discharged from his employment for just cause or for an act or omission in connection with employment which was deliberate, willful or wanton and adverse to the employer's rightful interests.

Utah Code Ann. § 35–4–10(i) (1987) states, in part, "In any judicial proceeding under this section, the findings of the commission and the board of review as to the facts if supported by the evidence, are conclusive and the jurisdiction of the court is confined to question[s] of law." In *Grinnell v. Board of Review*, 732 P.2d 113, 115 (Utah 1987), the Utah Supreme Court explained, "Our review of the facts is limited to the determination whether there is evidence of any substance whatever in the record to support the Board's findings." With regard to the Board's application of the law to the facts, this Court will "uphold its decision so long as it is within the realm of reasonableness and rationality." *Id. See also Stegen v. Department of Employment Sec.*, 751 P.2d 1160 (Utah App.1988).

Buick argues the evidence does not support the Board's finding that Burnett's December 2 absence was due to health problems beyond his control. At the hearing, Buick's operations manager testified the co-worker, with whom Burnett had left the message about his toothache, told him Burnett reportedly had a dentist appointment for that day. The operations manager also testified that during his conversation with Burnett prior to the discharge, Burnett told him he had been to the dentist, but denied going once the operations manager attempted to verify the appointment. The service manager related an incident prior to the November discharge where Burnett had called in sick one day, but returned to work the next day with a sunburn and, once questioned, admitted he had not been sick. Buick contends this evidence, together with Burnett's tardiness after his reinstatement, supports a finding that Burnett's violation of attendance rules was within his control and, therefore, his discharge was for just cause.

However, "[t]he mere fact that some evidence is introduced which disputes other evidence does not compel the conclusion that the Board's decision is unsupported by any evidence." *Young v. Board of Review*, 731 P.2d 480, 482 (Utah 1986). On his claim form and at the hearing, Burnett testified he had a toothache and did not feel well enough to work; the existence of the toothache was never controverted. Burnett testified he did not tell his co-worker he had an appointment with his dentist, but rather he would try to make one. Burnett also testified he did not tell the operations manager he had been to the dentist. Burnett claimed he tried to make an appointment but the cost was prohibitive. It is not this Court's role to decide which testimony is more credible. Some evidence exists to support the finding that Burnett's absence was due to health problems beyond his control. The decision of no just cause

to discharge is therefore reasonable and rational. "When the findings of the Board of Review are supported by evidence and its decision falls within the limits of reasonableness and rationality, we will not substitute our judgment for that of the Board of Review." *Midvag v. Department of Employment Sec.*, 735 P.2d 386, 387 (Utah App.1987).

The decision of the Board is affirmed.

GARFF, J., concurs.

ORME, Judge (concurring):

I fully concur in the main opinion. In so doing, however, I wish to note that this case, for me, marks the very outer limit of the deference this court is obliged to give the Board of Review under Utah Code Ann. § 35–4–10(i) (1987) and *Grinnell v. Board of Review,* 732 P.2d 113, 115 (Utah 1987).

I think the Board's decision is plainly wrong. If Burnett's toothache was not so serious as to require his obtaining professional services for its treatment, it could not have been so incapacitating as to render him unable to work. (Conversely, if his toothache really was that serious, it is difficult to see how it would have cleared up on its own in time for Burnett to go to work the very next day.) Against the background of Burnett's earlier tardiness and at least one recent instance of missing work claiming to be ill when in fact he was not ill, I think the employer correctly concluded he had missed work for reasons other than toothache-induced incapacity. The employer had just cause to terminate Burnett for his unauthorized and mischaracterized absence. That was the conclusion reached by the Department's representative who first considered Burnett's claim, as well as by Industrial Commission Chairman Hadley, who dissented from the Board's affirmance of the appeal referee's decision.

All of this having been said, however, I must concede that there is—just barely—evidence of some substance in the record to support the Board's findings. In view of those findings, the Board's decision is—just barely—within the realm of rationality.

While I obviously have little respect for the decision reached by the appeal referee in this case and affirmed by a divided Board of Review, I have considerable respect for the Legislature's judgment that the business of unemployment compensation be all but exclusively vested in the Department of Employment Security, with this court's review limited, as a practical matter, to righting the occasional gross abuse. This, however, is not a case where it can be fairly said that "no evidence of any substance" supports the Board's findings. Nor is it a case where the Board's decision is outside "the realm of reasonableness and rationality." It follows that the decision is one entitled to affirmance, even though incorrect.