2011 UT App 79

**Sharon L. PENDER, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

**No. 20101039–CA.**

Court of Appeals of Utah.

March 17, 2011.

Sharon L. Pender, Ogden, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Sharon L. Pender seeks judicial review of the Workforce Board of Appeals's (Board) November 3, 2010 decision. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 Pender challenges the Board's decision adopting the Administrative Law Judge's (ALJ) factual finding that she unlawfully took funds from her employer. We construe this as a challenge to the sufficiency of the evidence. The Board affirmed the ALJ's decision after determining that the ALJ was in the best position to consider conflicting testimony and resolve credibility issues between the parties. The Board also determined that if there is evidence in the record to support a credibility finding made by the ALJ, the Board will not substitute its own judgment for that of the ALJ unless there is a showing of clear error.

¶ 3 An agency's findings of fact are accorded substantial deference and will not be overturned if based on substantial evidence, even if another conclusion from the evidence is permissible. *See Hurley v.*

1. Martin filed a motion to transfer this appeal to the Utah Supreme Court. The motion to transfer is denied.

*Board of Review of Indus. Comm'n*, 767 P.2d 524, 526–27 (Utah 1988). This court will defer to the factual findings of the ALJ when there is conflicting evidence as the ALJ is in the best position to judge the credibility of witnesses. *See Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct.App.1993). We will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality. *See Johnson v. Department of Emp't Sec.*, 782 P.2d 965, 968 (Utah Ct.App.1989).

¶ 4 The record contains substantial evidence supporting the ALJ's determination that Pender unlawfully took money from her employer. Based on this substantial evidence, and the ALJ's ability to best assess conflicting evidence, we cannot say that the Board erred in adopting the ALJ's factual determinations and affirming the ALJ's decision.

¶ 5 Accordingly, the Board's decision is affirmed.