IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Adam Roberts, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120665-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 4, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 276 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Adam Roberts, Salt Lake City, Petitioner Pro Se
              Suzan Pixton, Salt Lake City, for Respondent

-----

Before Judges McHugh, Voros, and Roth.

¶1     Adam Roberts seeks judicial review of the decision of the Workforce Appeals Board (the Board) assessing a fraud overpayment and statutory penalty. *See* Utah Code Ann. § 35A-4-405(5) (LexisNexis 2011). We do not disturb the Board's decision.

¶2     A claimant who knowingly fails to report a material fact on unemployment benefit claims is not eligible for benefits. *See id*. § 35A-4-405(5)(a). Upon a finding of fraud, the claimant must repay any benefits received, along with a civil penalty equal to the amount of benefits received. *See id.* § 35A-4-405(5)(a), (c). Roberts did not dispute the assessment of an overpayment in the amount of $2,813, but he challenged the imposition of the penalty. Accordingly, the only issue before this court is whether the Board properly imposed a fraud overpayment and statutory penalty.

¶3     Roberts testified that he received and read the Claimant's Guide. *See* Utah Admin. Code R994-406-401(1)(b) (stating that a claimant is obliged to read material provided by the Department of Workforce Services). When Roberts filed his weekly claims, he was asked, "During the week, did you work?" Each week, he answered

"No," although he worked part-time for Granite School District (Granite). Even for weeks in which he reported earnings from another part-time job, he failed to report earnings from Granite. Roberts testified that he believed he had adequately reported his part-time work for Granite when he filed his initial application for benefits and stated that he had a contract to work twenty hours per week. He believed that this income would be taken into account in determining his weekly benefit amount, so he did not need to report his work and earnings from Granite on his weekly claims. Neither the Administrative Law Judge nor the Board found the testimony to be persuasive. The Claimant's Guide clearly explained the requirements to report work and earnings each week and the consequences of failing to do so. The weekly claim form unambiguously asked, "During the week, did you work?" The web filing form instructed claimants that if they worked during the week in question, all work and gross earnings must be reported and that failure to report "ALL work and earnings constitutes fraud."

¶4    We disturb the Board's findings of fact only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (LexisNexis 2011). "It is not our role to judge the relative credibility of witnesses." *Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct. App. 1993). We will not disturb the Board's application of the law to the facts as long as it is "within the realm of reasonableness and rationality." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334 (internal quotation marks omitted). The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's decision assessing an overpayment and fraud penalty is reasonable and rational. Accordingly, we do not disturb the Board's decision.


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge


_____
Stephen L. Roth, Judge


20120665-CA                              2