2014 UT App 217

# THE UTAH COURT OF APPEALS

CHARLOTTE T. OLSON,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20140441-CA
Filed September 11, 2014

Original Proceeding in this Court

Charlotte T. Olson, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., AND SENIOR JUDGE PAMELA T. GREENWOOD.[1]

PER CURIAM:

¶1     Charlotte T. Olson seeks review of the Workforce Appeals Board's (the Board) decision denying her unemployment benefits and establishing a fault overpayment. We do not disturb the Board's decision.

¶2     A claimant is not eligible to receive unemployment benefits if she is discharged from employment for just cause. Utah Code Ann. § 35A-4-405(2)(a) (LexisNexis Supp. 2013). If it is determined that, by reason of a claimant's fault, benefits are paid to which a

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

claimant was not entitled, the claimant shall repay the benefits received. *See id.* § 35A-4-406(4)(b) (LexisNexis 2011). In *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, 308 P.3d 477, the Utah Supreme Court stated the standard of review to be used in reviewing the Board's decision on a request for unemployment benefits. *See id.* ¶ 7. Such a determination is reviewed as a mixed question of fact and law that is more fact-like because the "case does not lend itself to consistent resolution by a uniform body of appellate precedent." *Id.* (citation and internal quotation marks omitted). Accordingly, the Board's determinations are entitled to deference because "the appellate court would be in an inferior position to review the correctness of the . . . decision." *Id.* (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination that Olson was ineligible for benefits because she was discharged for just cause and its determination of a fault overpayment are entitled to deference. *See id.*

¶3     Olson was employed as a patient service representative for Sutter Connect, LLC (Sutter). Sutter terminated Olson's employment following an incident in which she fell asleep in a team meeting where other employees were present. Company policy stated that sleeping on the job constituted misconduct. Olson received a verbal warning on May 22, 2013, although she did not recall that warning. She received written warnings on June 7, 2013, and July 26, 2013. The June 7 warning cited several instances of "appearing to be asleep" while at work and also cited negative comments and actions made by Olson. The warning stated that continued misconduct would result in additional disciplinary action, including termination. The July 26 "final written warning" cited "inappropriate conduct, specifically sleeping at your desk while on the clock," and other conduct. That warning stated that it had been reported that Olson was either asleep or appeared to be asleep on five separate occasions. The final warning also stated, "Recurrence of this problem and/or other problems will result in termination."

¶4     At a meeting on January 24, 2014, Olson fell asleep twice. This was reported by her team leader, who was conducting the meeting. She witnessed Olson sleeping and observed people sitting next to her nudge her awake. The team leader testified that Olson was sitting with her chin down and was breathing heavily with her eyes closed. Olson denied sleeping in the meeting and testified that she has breathing problems. She claimed that she was being harassed and reported for sleeping on the job when she was not actually sleeping and that the warnings stated only that she "appeared" to be sleeping and did not prove that she was actually sleeping in the previous incidents. She claimed that she just looked down in the meeting and was not sleeping.

¶5     To establish just cause for termination, an employer must establish the elements of culpability, knowledge, and control. *See* Utah Admin. Code R994-405-202. The Administrative Law Judge's (ALJ) decision found that Olson received Sutter's policies upon her hire and that those policies described misconduct as including sleeping on the job. The ALJ further found that Olson received verbal and written warnings regarding sleeping on the job and that she was discharged for a final incident of sleeping that occurred in a meeting on January 24, 2014. The ALJ found that the employer provided credible first-hand testimony that Olson had to be nudged during the meeting to wake up and had established that Olson was sleeping while at work. Because Sutter paid Olson while she was sleeping for work that was not being completed, this established the element of culpability. Olson was aware of the employer's expectations, establishing the element of knowledge. Finally, Olson was in control of the behavior that led to her dismissal. The ALJ determined that the elements for just cause were established.

¶6     The ALJ also determined that benefits were improperly paid due to claimant fault. Fault is established if a claimant received benefits to which the claimant was not entitled based on providing incorrect information or on an absence of information that the claimant could have reasonably provided when the claimant had

sufficient notice that the information might be reportable. *Id.* R994-406-301(1). The element of materiality was satisfied because Olson received benefits she was not entitled to receive. The element of control was established because Olson could reasonably have provided correct information and instead denied that she was sleeping while at work. Knowledge was established because Olson had "sufficient notice that the information might be reportable."

¶7      The ALJ and the Board found the testimony provided by Sutter to be more credible than Olson's testimony. "It is the province of the Board, not appellate courts, to resolve conflicting evidence, and where inconsistent inferences can be drawn from the same evidence, it is for the Board to draw the inferences." *Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct. App. 1993) (citation and internal quotation marks omitted). The Board rejected Olson's argument that the prior incidents that she was written up for involved only the appearance that she was asleep and that Sutter had no actual proof that she was asleep. The Board stated that given the final incident in which Olson fell asleep during daytime hours at a meeting with other people, "it is reasonable to conclude that the prior incidents occurred, and the Employer was not required to provide firsthand testimony regarding each of the incidents for which the Claimant was warned." After repeated warnings about misconduct including sleeping on the job, Sutter terminated Olson after a final incident witnessed by other participants in a meeting. We defer to the Board's conclusions that Olson was terminated for just cause. If Olson had correctly reported the facts, benefits would not have been paid, and the Board correctly assessed a fault overpayment.

¶8      Accordingly, we decline to disturb the Board's decision.

---